1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  CATHERINE CHURCHILL,                No.  CIV.S-04-1505 DAD

12          Plaintiff,
                                        ORDER
13      v.

14  JO ANNE B. BARNHART,
    Commissioner of Social
15  Security,

16          Defendant.
    _____/
17

18          This social security action was submitted to the court,

19  without oral argument, for ruling on plaintiff's motion for summary

20  judgment and/or remand and defendant's cross-motion for summary

21  judgment.  For the reasons explained below, the decision of the

22  Commissioner of Social Security ("Commissioner") is affirmed.

23                      **PROCEDURAL BACKGROUND**

24          Plaintiff Catherine Anne Churchill applied for Disability

25  Insurance Benefits under Title II of the Social Security Act (the

26  "Act").  (Transcript ("Tr.") at 46-48.)  The Commissioner denied

                                    1

plaintiff's application initially and on reconsideration.  (Tr. at

31-34, 37-40.)   Pursuant to plaintiff's request, a hearing was held

before an administrative law judge ("ALJ") on August 25, 2003, at

which time plaintiff was represented by counsel.   (Tr. at 256-78.)

In a decision issued on January 27, 2004, the ALJ determined that

plaintiff was not disabled.   (Tr. at 12-19A.)   The ALJ entered the

following findings in this regard:

> 1.   The claimant meets the nondisability
>      requirements for a period of disability
>      and Disability Insurance Benefits set
>      forth in Section 216(i) of the Social
>      Security Act and is insured for
>      benefits through December 31, 1999.
>
> 2.   The claimant has not engaged in
>      substantial gainful activity since the
>      alleged onset of disability.
>
> 3.   Through the claimant's date last
>      insured, the claimant had the following
>      medically determinable impairment(s):
>      depression and mild obstructive
>      pulmonary disease with asthma.
>
> 4.   Through the claimant's date last
>      insured, the claimant did not have any
>      impairment or impairments that
>      significantly limit her ability to
>      perform basic work-related activities;
>      therefore the claimant does not have a
>      severe impairment (20 CFR § 404.1521).
>
> 5.   The claimant was not under a
>      "disability" as defined in the Social
>      Security Act, at any time through the
>      date of this decision (20 CFR §
>      404.1520(c)).

(Tr. at 19-19A.)   The ALJ's decision became the final decision of the

Administration when the Appeals Council declined review on June 1,

2004.   (Tr. at 5-9.)   Plaintiff then sought judicial review, pursuant

1  to 42 U.S.C. § 405(g), by filing the complaint in this action on

2  August 2, 2004.

3  **LEGAL STANDARD**

4  The Commissioner's decision that a claimant is not disabled

5  will be upheld if the findings of fact are supported by substantial

6  evidence and the proper legal standards were applied.  Schneider v.

7  Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000);

8  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.

9  1999).  The findings of the Commissioner as to any fact, if supported

10  by substantial evidence, are conclusive.  See Miller v. Heckler, 770

11  F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant

12  evidence as a reasonable mind might accept as adequate to support a

13  conclusion.  Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993,

14  995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401

15  (1971)).

16  A reviewing court must consider the record as a whole,

17  weighing both the evidence that supports and the evidence that

18  detracts from the ALJ's conclusion.  See Jones, 760 F.2d at 995.  The

19  court may not affirm the ALJ's decision simply by isolating a

20  specific quantum of supporting evidence.  Id.; see also Hammock v.

21  Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence

22  supports the administrative findings, or if there is conflicting

23  evidence supporting a finding of either disability or nondisability,

24  the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d

25  1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

26  /////

3

improper legal standard was applied in weighing the evidence, <u>see</u>

<u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920.  <u>See</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987).  This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is conclusively presumed disabled.  If not, proceed to step four.

> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled.  If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant bears the burden of proof in the first four steps of the sequential evaluation.  <u>Yuckert</u>, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  <u>Id</u>.; <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999).

/////

/////

**APPLICATION**

As an initial matter, the court must address the medical records which plaintiff has submitted to the district court in the first instance and which are not part of the administrative record. There is some suggestion in plaintiff's motion that she seeks summary judgment based on such evidence. However, at most that evidence may provide a basis for remand, not summary judgment. See 42 U.S.C. § 405(g); Kokal v. Massanari, 163 F. Supp. 2d 1122, 1136 (N.D. Cal. 2001)("Extra-record evidence may provide a basis for remand, but not for summary judgment."); see also Russell v. Bowen, 856 F.2d 81, 84 (9th Cir. 1988)("Courts are authorized to review only the Secretary's final decision, the evidence in the administrative transcript on which the decision was based, and the pleadings.").

Moreover, to secure a remand for the consideration of additional evidence plaintiff must demonstrate that there is "new evidence which is material, and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). See also Burton v. Heckler, 724 F.2d 1415, 1417 (9th Cir. 1984) ("a remand to the Secretary to consider additional evidence not contained in the administrative record ... [is] provided for by [42 U.S.C. § 405(g)] where the new evidence is material and there is good cause for the failure to incorporate such evidence in the record in a prior proceeding.") To be deemed material under § 405(g), the evidence must bear "directly and substantially" on the matter in dispute, and there must also be a "reasonable possibility" that the new evidence would have changed the

outcome of the administrative hearing.  <u>Mayes v. Massanari</u>, 276 F.3d

453, 462 (9th Cir. 2001); <u>Booz v. Sec'y of Health & Human Servs.</u>, 734

F.2d 1378, 1380-81 (9th Cir. 1984); <u>Ward v. Schweiker</u>, 686 F.2d 762,

764 (9th Cir. 1982).  To establish good cause for the failure to

incorporate such evidence into the record in the prior proceeding,

the claimant must demonstrate that the new evidence was unavailable

earlier.  <u>Mayes</u>, 276 F.3d at 462-63; <u>Key v. Heckler</u>, 754 F.2d 1545,

1551 (9th Cir. 1985).  Thus,

> [a] claimant does not meet the good cause
> requirement simply by obtaining a more favorable
> report from an expert witness once his claim is
> denied.  The claimant must establish good cause
> for not seeking the expert's opinion prior to the
> denial of his claim.

<u>Clem v. Sullivan</u>, 894 F.2d 328, 332 (9th Cir. 1990)(citations

omitted).

The new medical evidence submitted by plaintiff directly to

the court includes reports from the following: Andre Van Mol, M.D.,

dated June 9, 2004; James V. Potter, Ph.D., dated January 7, 2005;

and John C. Wakefield, M.D., dated January 7, 2005.  (Doc. no. 20.)

Dr. Van Mol's two-page letter addresses plaintiff's alleged chronic

fatigue, pain syndrome and depression.  Dr. Potter's lengthy letter

and attachments address plaintiff's stress, anxiety and depression,

which Dr. Potter believes are symptoms of a moderate Borderline

Personality Disorder and mild Simple Schizoaffective Disorder.  Dr.

Wakefield's report addresses three conditions which he describes as

Chronic Mycoplasma Pneumonia; Hashimoto's Thyroiditis and

Hypothyroidism; and Depression.  Thus, for the most part, the new

evidence concerns plaintiff's mental health, chronic pain and fatigue, and respiratory health.  These are all matters which were at issue at the administrative hearing and thus the first prong of materiality under § 405(g) is met.[1]  <u>Mayes</u>, 276 F.3d at 462.

However, there must also be a "reasonable possibility" that the new evidence would have changed the outcome of the administrative hearing for it to be deemed material.  That is not the case here. For instance, Dr. Van Mol's letter references only one office visit prior to the date last insured, an office visit of October 7, 1999. Likewise, Dr. Potter's letter primarily concerns his administration of a battery of standardized self-awareness inventories to plaintiff in January of 2005.  Finally, Dr. Wakefield's letter confirms that he did not see plaintiff for the first time until May 17, 2000.  Thus, the new evidence has a minimal relation to the relevant time period from the alleged onset of disability date of March 1, 1994 through the last insured date of December 31, 1999.  In the judgment of the court there is not a "reasonable possibility" that this minimally relevant new evidence would have changed the outcome of plaintiff's administrative hearing.

---

[1] The only exception is the extent to which Dr. Wakefield's letter discusses plaintiff's thyroid condition.  That condition was not placed at issue in plaintiff's administrative hearing. Therefore, Dr. Wakefield's letter is not material in this respect. See <u>Mayes</u>, 276 F.3d at 462 ("Mayes has not shown that the new evidence was material, as the record lacks evidence that she had herniated discs at and before the ALJ Hearing [and] Mayes' back problems were not significantly at issue at the ALJ Hearing."); <u>Sanchez v. Sec'y of Health & Human Servs.</u>, 812 F.2d 509, 511-12 (9th Cir. 1987)(finding new psychological evaluations not material because Sanchez's mental condition was not significantly at issue at the hearing).

1    Even if the new evidence submitted to the court were to

2  meet both prongs of the materiality test, plaintiff has failed to

3  demonstrate good cause for not having offered that evidence earlier.

4  As noted, most of the conditions addressed by the new evidence were

5  at issue at the administrative hearing.  If plaintiff felt those

6  conditions were disabling during the period at issue, it was up to

7  her to offer evidence of those conditions at the time of the hearing.

8  See Mayes, 276 F.3d at 453 ("If Mayes' back problems were disabling,

9  she should have sought a diagnosis of or treatment for her back

10  problems earlier.").  As the Ninth Circuit has observed when

11  confronted with a similar situation:

12        Although the reports were not prepared until
          after the Secretary rendered a final decision,
13        Sanchez's attorney was aware of Sanchez's memory
          loss at the time of the hearing.  Sanchez offers
14        no explanation for his failure to request a
          mental evaluation or to press his mental
15        impairment claim at or before the hearing.

16  Sanchez, 812 F.2d at 512.

17    Here, Dr. Van Mol and Dr. Potter had both treated plaintiff

18  on at least one occasion prior to the time of the administrative

19  hearing.  Yet plaintiff has offered no credible reason as to why she

20  did not pursue obtaining the more detailed opinions of those

21  physicians' in advance of the administrative hearing, or at least

22  /////

23  /////

24  /////

25  /////

26  /////

prior to the date of the ALJ's decision.[2]  Plaintiff has likewise

offered no explanation as to why information such as that contained

in Dr. Wakefield's letter was not introduced at an earlier stage of

the proceedings.  Indeed, submitting these new letters from her

physicians to the court now is akin to obtaining a more favorable

expert report in response to the denial of a claim.  That, of course,

does not amount to good cause.  See Mayes, 276 F.3d at 463; Clem, 894

F.2d at 332-33.

Because the new evidence is not material and, in any event,

plaintiff has failed to meet the good cause requirement, the court

declines to remand this case for consideration of new evidence.

Next, plaintiff advances three arguments in her motion for

summary judgment.  First, plaintiff asserts that the ALJ erred at

step two of the sequential evaluation process in not finding

plaintiff to have a "severe" impairment.  Second, plaintiff maintains

that the opinions of the treating physicians were not given adequate

weight.  Third, plaintiff argues that her credibility was not

properly assessed.  The court addresses these arguments below.

It is well-established that at step two of the sequential

evaluation the ALJ must determine if the claimant has a medically

severe impairment or combination of impairments.  Smolen v. Chater,

_____

[2] The court is unpersuaded by counsel's conclusory assertion
that he "was not able to obtain an address for [Dr. Potter]" prior to
the hearing.  (Pl.'s Reply at 4.)  There has been no specific showing
as to why counsel was unable to reach Dr. Potter in a more timely
fashion, such as by obtaining information from his client, who was
Dr. Potter's patient, or from other sources such as the internet,
professional licensing bodies, medical-legal agencies, the telephone
book and the like.

80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at
140-41).  The purpose of step two of the sequential evaluation is
merely to identify claimants whose medical impairment is so slight
that it is unlikely they would be disabled even if age, education,
and experience were taken into account.  Yuckert, 482 U.S. at 153.
"An impairment or combination of impairments can be found 'not
severe' only if the evidence establishes a slight abnormality that
has 'no more than a minimal effect on an individual's ability to
work.'"  Smolen, 80 F.3d at 1290 (citations omitted).  See also 20
C.F.R. §§ 404.1521(a), 416.921(a) ("An impairment or combination of
impairments is not severe if it does not significantly limit your
physical or mental ability to do basic work activities.").  It has
been recognized that the step-two inquiry is but "a de minimis
screening device to dispose of groundless claims."  Smolen, 80 F.3d
at 1290 (citing Yuckert, 482 U.S. at 153-54).  See also Edlund v.
Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001).

Plaintiff's argument regarding the ALJ's step two analysis
lacks merit.  As indicated above, the medical records attached to
plaintiff's motion cannot be considered by the court in connection
with the motion for summary judgment.  See Kokal, 163 F. Supp. 2d at
1136.  While the ALJ found plaintiff to have the medically
determinable impairments of depression and obstructive pulmonary
asthma, there is a dearth of evidence documenting those conditions
during the relevant period from the alleged onset of disability date
of March 1, 1994 through the last insured date of December 31, 1999.
Further, the medical evidence dated during or near the relevant

period simply does not show that plaintiff's mental or respiratory conditions significantly limited her mental or physical ability to do basic work activities. (See, e.g., Tr. at 119, 158-60, 172-74, 201, 207.) Rather, they generally indicate that these conditions were being treated with some success. (Id.) As of her date last insured, plaintiff's alleged depression and obstructive pulmonary asthma had no more than a minimal effect on her ability to work. Therefore, the court finds that the administrative record contains substantial evidence supporting the ALJ's determination at step two of the sequential evaluation that plaintiff does not suffer from a severe impairment.

　　　　Plaintiff next contends that the ALJ failed to give adequate weight to the opinions of plaintiff's treating physicians. It is well-established that the medical opinion of a treating physician is entitled to special weight. See Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989); Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester, 81 F.3d at 830 (citing Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)). "At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." Id. (citing Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991)). "Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial

1  evidence in the record for so doing."  Id. (citing Murray v. Heckler,

2  722 F.2d 499, 502 (9th Cir. 1983)).

3       Prior to the administrative hearing, Drs. Van Mol and

4  Wakefield had both written letters to plaintiff's counsel, addressing

5  the conditions from which plaintiff suffered.  Those letters were

6  included in the administrative transcript.  (Tr. at 249-50, 251-53.)

7  In sum, in his letter Dr. Van Mol stated that "it is doubtful

8  [plaintiff] would have been able to sustain full-time employment" as

9  of October 7, 1999, when plaintiff was first seen at his office, or

10 at the time of his letter which is dated September 8, 2003.  (Tr. at

11 250.)  In his letter dated October 24, 2003, Dr. Wakefield stated

12 that "[i]n my opinion Catherine Churchill is totally disabled at this

13 time."  (Tr. at 253.)  The ALJ adequately explained his reasons for

14 not crediting these opinions.

15      With respect to Dr. Van Mol's letter, the ALJ correctly

16 noted that plaintiff was seen in Dr. Van Mol's office on only one

17 occasion prior to her date last insured at which time she was

18 examined by Dr. Van Mol's nurse assistant, not Dr. Van Mol.  In

19 addition to this limited contact with plaintiff during the relevant

20 period, the ALJ noted that the opinion of disability was largely

21 based on plaintiff's subjective complaints without any significant

22 corresponding objective findings or diagnostic tests.  (Tr. at 203-

23 07.)  In addition, shortly after the date last insured on January 26,

24 2000, Dr. Van Mol noted that plaintiff was doing well on anti-

25 depressants, although she experienced some minor side effects.  (Tr.

26 at 201.)

12

As to Dr. Wakefield's letter, the ALJ accurately noted that Dr. Wakefield did not first see plaintiff until May of 2000, nearly five months after the date last insured.  (Tr. at 214-47.) Additionally, there is no other evidence in the record suggesting that plaintiff was suffering from most of the conditions diagnosed by Dr. Wakefield, including, Hashimoto's Thyroiditis, Hypothyroidism, and Active Epstein-Barr Infection, prior to May of 2000.  As noted above, plaintiff does have a history of respiratory ailments and mental health issues which arguably support Dr. Wakefield's findings regarding the pneumonia infection and depression.  However, the evidence from the relevant period with respect to those conditions contradicts Dr. Wakefield's more serious assessment of their disabling impact upon plaintiff.  (Tr. at 158, 159-60, 161-62, 170, 171, 172, 173-74, 203-04, 207.)

For these reasons, the court finds that the ALJ properly distinguished the opinions of Dr. Van Mol and Dr. Wakefield based on specific and legitimate reasons supported by substantial evidence in the record.

Plaintiff's argument that the ALJ erred in his credibility determination also fails.  In arguing that the ALJ did not properly assess her credibility, plaintiff solely relies on the new evidence submitted by Drs. Van Mol and Wakefield.  (Pl.'s Mot. at 19-18; Pl.'s Reply at 6.)  She contends that now that those physicians have explained their opinions in more detail, her subjective complaints have been supported.  However, as explained above, the new evidence submitted to the court cannot serve as the basis for summary judgment

1  and plaintiff has failed to demonstrate good cause for the

2  consideration of that new evidence on remand.  The court finds that

3  the ALJ rejected plaintiff's testimony about the severity of her

4  symptoms by offering specific, clear and convincing reasons for doing

5  so.  See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Light

6  v. Chater, 119 F.3d 789, 792 (9th Cir. 1997).

7        Finally, plaintiff also argues that because the medical

8  evidence is not definite regarding the onset date of her alleged

9  disability and medical inferences need to be made, the ALJ should

10 have heard testimony from a medical advisor to determine the onset

11 date of her disability.  Plaintiff relies on Social Security Ruling

12 83-20 in this regard.  However, that regulation provides that the

13 disability onset date is "the first day an individual is disabled as

14 defined in the Act and the regulations."  S.S.R. 83-20, 1983 WL

15 31249, *1.  Here, the ALJ found plaintiff to be not disabled.

16 Therefore, when plaintiff became disabled is not an issue in this

17 case.  See Armstrong v. Comm'r of Social Sec. Admin., 160 F.3d 587,

18 590 (9th Cir. 1998) (while the ALJ is required to call a medical

19 expert where the record is ambiguous as to the onset date of

20 disability, the claimant has ultimate burden to prove that disability

21 exists).  Plaintiff's argument in this regard must be rejected.

**CONCLUSION**

23        Accordingly, the court HEREBY ORDERS that:

24        1.  Plaintiff's motion for summary judgment and/or remand

25 is denied;

26 /////

14

1          2.   Defendant's cross-motion for summary judgment is

2  granted; and

3          3.   The decision of the Commissioner is affirmed.

4  DATED: March 21, 2006.

5

6                    _____
                     DALE A. DROZD
7                    UNITED STATES MAGISTRATE JUDGE

8  DAD:th
   Ddad1\orders.socsec\churchi1505.order.v2
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26